UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lillian Black Faircloth | ) | Case No. 05-54214 |
| | ) | |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

THIS MATTER coming on for hearing on December 12, 2006, upon the Certification of Exigent Circumstances, filed by Lillian Black Faircloth (the "Debtor"), requesting a waiver of the requirement that she complete the financial management course required by Section 727(a)(11) of the Bankruptcy Code. Louise E. Harris appeared on behalf of the Debtor, and Michael D. West appeared is his capacity as the United States Bankruptcy Administrator. It appears to the Court that there exists good cause to grant a waiver of the requirement that the Debtor complete a financial management course.

Section 727(a)(11) requires Chapter 7 debtors to complete a financial management course in order to be eligible for a discharge. However, debtors who meet the description contained in Section 109(h)(4) of the Bankruptcy Code are excepted from this requirement. Section 109(h)(4) allows a bankruptcy court to waive the requirement of a financial management course for debtors who are incapacitated, disabled, or on active military duty in a military combat zone.[1] Further,

---

[1] "The purpose of the exemption is to avoid 'the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other

the statute provides that "incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that [she] is incapable of realizing and making rational decisions with respect to [her] financial responsibilities." 11 U.S.C. § 109(h)(4).

At the hearing, Dwight Faircloth, the Debtor's son, attorney in fact, and principal care giver, testified regarding the current mental and physical condition of the Debtor.[2] The Debtor has been diagnosed with dementia, is suffering from memory loss, and migrates in and out of a general state of confusion. He testified that the Debtor is capable of participating in short telephone conversations but is not capable of fully comprehending such conversations. The Debtor also submitted numerous records to substantiate the Debtor's recent and lengthy hospital stays for a stoke and heart attack. Mr. Faircloth's testimony was credible and uncontradicted. Based on the evidence presented, the Court finds that the Debtor possesses the requisite incapacity as defined in Section 109(h)(4).[3]

---

disability that would make the briefing meaningless or even impossible.'" In re Hall, 347 B.R. 532, 534 (Bankr. N.D.W. Va. 2006) (citing 2 Collier on Bankruptcy ¶ 109.09[4] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006)).

[2] The Debtor was unable to attend the hearing due to her feeble condition caused by a recent stroke and heart attack.

[3] It was suggested by the Bankruptcy Administrator that the lack of expert medical testimony on the subject of the Debtor's incapacity is fatal to the Debtor's cause. Neither Section 727(a)(11) nor Section 109(h)(4) "[set] forth the nature and level of proof required to demonstrate the requisite disability or incapacity" of the debtor. In re Stockwell, 2006 WL 1149182, No. 06-10002 (Bankr. D. Vt. April 27, 2006)(noting that "mere allegations of an attorney are insufficient," but that "a medical report documenting the disability or incapacity may be sufficient."). This Court finds the reasoning of In re Mosely, 330 B.R. 832 (Bankr. N.D. Ga. 2005), is appropriate in these circumstances. The Mosley court found that corroborating evidence of a debtor's disability, such as expert medical testimony, was not required for a debtor to discharge an educational loan debt pursuant to Section 523(a)(8). The court found that such a requirement would contravene the Federal Rules of Evidence and would constitute a great expense to any party, especially a debtor in a bankruptcy proceeding. See id. at 844. "It is extraordinary for dischargeability litigation that hinges on a debtor's medical condition to actually hinge on medical testimony. This is because all dischargeability litigation involves real

IT IS THEREFORE ORDERED that the requirement imposed by Section 727(a)(11) that the Debtor complete a personal financial management course in order to receive her Chapter 7 discharge is WAIVED.

---

persons who are debtors under the Bankruptcy Code and cannot afford to hire medical experts to testify to the effect of their disease." Id. (citing In re Doherty, 219 B.R. 665, 669 (Bankr. W.D.N.Y. 1998)).

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Lillian Black Faircloth | ) | Case No. 05-54214 |
| | ) | |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| | ) | |

PARTIES IN INTEREST

Michael D. West, Esq.
Bankruptcy Administrator
Middle District of North Carolina
Post Office Box 1828
Greensboro, NC 27402

Louise E. Harris, Esq.
Law Office of Louise E. Harris
301 N. Main Street
Suite 2223
Winston Salem, NC 27101

Lillian Black Faircloth
1616 Williams Road
Lewisville, NC 27023